CV-11 0886

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ESTHER CARBAJAL,
individually and on behalf of a class,

                              Plaintiff,

vs.

NCO FINANCIAL SYSTEMS INC.

                              Defendant.
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 23 2011 ★
LONG ISLAND OFFICE

DEARIE, CH. J.

## COMPLAINT - CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant NCO Financial Systems Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").
The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, 1692g and 1692j.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business here.

### PARTIES

4. Plaintiff Esther Carbajal is an individual who resides in Queens, New York.

5.  Defendant NCO Financial Systems Inc. is a Pennsylvania business corporation. Its Registered Agent is the CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

## FACTS

6.  On or about February 24, 2010, plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received the letter in the ordinary course of mail.

7.  Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8.  Exhibit A is, on information and belief, a form letter.

## VIOLATIONS ALLEGED

9.  Exhibit A violates 15 U.S.C. §§1692d, 1692e, 1692e(4), 1692e(5), 1692e(10), 1692g and 1692j by sending consumers initial collection letters whose text, as drafted by Capital One Bank, falsely threatens legal action and falsely threatens garnishment without limitation to exempt bank accounts.

10. Exhibit A states: "If we cannot get this matter resolved soon and your account charges off, CAPITAL ONE BANK (USA) N.A. may be forced to take legal action. This could result in a judgment against you. If a judgment is obtained against you, CAPITAL ONE BANK (USA) N.A. can take whatever actions they deem advisable to enforce it. In addition, judgments are a matter of public record and employers, landlords, and other creditors can check your credit and see that the judgment has been taken against you."

11. The letter concluded "CAPITAL ONE BANK (USA) N.A.'s remedies will be subject to applicable property exemptions.

## CLASS ALLEGATIONS

12.     Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

13.     The class consists of (a) all natural persons with addresses in New York City (b) who were sent a letter as <u>Exhibit A</u> (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

14.     The class is so numerous that joinder is impracticable.

15.     On information and belief, there are more than 50 natural persons with addresses in New York City who were sent a letter similar to <u>Exhibit A</u> on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

16.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

        a.     Whether NCO Financial Systems Inc. falsely threatens legal action.
        b.     Whether NCO fails to list the garnishment exemptions available to consumers regarding their bank accounts.
        c.     Whether Capital One Bank designed the collection form (Exhibit A).
        d.     Whether the letter violates the FDCPA.

17.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

18.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

19.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

KLEINMAN LLC

*/s/ Abraham Kleinman*

Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile   (888) 522-1692
E-Mail:     akleinman@kleinmanllc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

*/s/ Abraham Kleinman*

Abraham Kleinman (AK-6300)